UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SERROD BURNETT,<br><br>    Plaintiff,<br><br>v.<br><br>DUSTY RHOADES et al.,<br><br>    Defendants. | Case No. 3:21-cv-00930<br><br>Chief Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:   The Honorable William L. Campbell, Jr., Chief District Judge

## REPORT AND RECOMMENDATION

On June 11, 2025, the Court found that pro se and *in forma pauperis* Plaintiff Serrod Burnett has not responded in opposition to Defendants Southern Health Partners (SHP), Kenneth Matthews, M.D., and Nurse Nicole l/n/u's motion for summary judgment and has again failed to keep the Court and the defendants apprised of his current mailing address in this civil rights action brought under 42 U.S.C. § 1983. (Doc. No. 60.) The Court ordered Burnett to show cause by June 25, 2025, why the Magistrate Judge should not recommend that this action be dismissed under Federal Rule of Civil Procedure 41(b) and Local Rule 41.01 for Burnett's failure to prosecute his claims and failure to keep the Court apprised of his current mailing address. (*Id.*) Burnett has not responded to the Court's show-cause order.

For the reasons that follow, the Magistrate Judge will recommend that the Court dismiss this action without prejudice under Federal Rule 41(b) and find moot the defendants' motion for summary judgment.

## I. Relevant Background

This action concerns Burnett's medical treatment while he was a pretrial detainee in the Williamson County Jail in 2021. (Doc. No. 25.) Burnett states that he "suffers from chronic kidney disease ('CKD')." (*Id.* at PageID# 96, ¶ 12.) He alleges that SHP "is a private entity hired by Williamson County, Tennessee, to provide health care services at the [j]ail[,]" and that SHP and its employees Nicole and Matthews failed to provide Burnett with adequate medical care for his CKD during his pretrial detention. (*Id.* at PageID# 95, ¶ 5.)

Burnett initiated this action in December 2021 by filing a pro se civil rights complaint under § 1983 (Doc. No. 1) and an application for leave to appear *in forma pauperis* (IFP) (Doc. No. 2). The Court granted Burnett's IFP application and provided him with an opportunity to file an amended complaint. (Doc. No. 5.) Burnett filed an amended complaint (Doc. No. 6) and a motion for appointment of counsel (Doc. No. 8). The Court screened Burnett's amended complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and 42 U.S.C. § 1997e, found that Burnett had stated colorable claims against SHP, Nicole, and Matthews for constitutionally inadequate medical care, and allowed those claims to proceed for further development; however, the Court found that Burnett's amended complaint fail ed to state any other claims for which relief could be granted and dismissed all other claims and defendants in the amended complaint under § 1915(e)(2)(B). (Doc. No. 9.) The Court granted Burnett's motion for appointment of counsel (*id.*) and identified pro bono counsel to represent him (Doc. No. 17). Counsel appeared on Burnett's behalf (Doc. No. 21) and filed a second amended complaint on February 13, 2023 (Doc. No. 25), as directed by the Court (Doc. Nos. 9, 24). Burnett's second amended complaint asserts constitutional claims of deliberate indifference to Burnett's serious medical needs against SHP, Nicole, and Matthews under § 1983. (Doc. No. 25.) Burnett seeks compensatory and punitive damages. (*Id.*)

Burnett's appointed counsel later notified the Court of a conflict of interest that prevented their continued representation of Burnett in this case (Doc. Nos. 27, 33, 36) and asked the Court to appoint new pro bono counsel for Burnett (Doc. No. 36). Counsel stated that they "explained the conflict of interest to Mr. Burnett via telephone[,]" but were unable to provide him with written notice of their intent to withdraw from the representation because "Burnett does not have a permanent address or a mailing address." (Doc. No. 36, PageID# 125, ¶ 5.) As directed by the Court (Doc. No. 37), counsel filed a motion to withdraw on December 29, 2023 (Doc. No. 38). Counsel stated that they attempted to contact Burnett to obtain a mailing address at which the Court could reliably contact him by calling eight different telephone numbers from which Burnett had previously called counsel, but they were unable to reach him. (Doc. No. 38.)

On January 23, 2024, the Court granted counsel's motion to withdraw but denied their motion to appoint new counsel based on Burnett's failure to provide counsel or the Court with a reliable method of communicating with him regarding this case. (Doc. No. 39.) The Court ordered Burnett to provide the Court with current contact information by April 22, 2024, and warned him that failure to do so would likely result in dismissal of the case. (*Id.*) In the meantime, the Court directed the Clerk of Court to administratively close the case. (*Id.*)

On February 26, 2024, the Court received an address change notice from Burnett stating that he was in the custody of the Davidson County Sheriff's Office (DCSO) and could be reached at the standard mailing address for people in DCSO custody. (Doc. No. 40.)

The Court reopened the case, informed Burnett that the defendants had not yet been served with process, directed the Clerk of Court to send Burnett service packets for each remaining named defendant, and ordered Burnett to complete and return service packets for each defendant by August 8, 2024. (Doc. No. 44.) The Court also referred this action to the Magistrate Judge to

3

Case 3:21-cv-00930   Document 61   Filed 09/09/25   Page 3 of 11 PageID #: 233

dispose or recommend disposition of all pretrial motions under 28 U.S.C. § 636(b)(1)(A) and (B). (*Id.*) Burnett filed another notice regarding his contact information stating that he was still in DCSO custody; that, prior to his incarceration, he had been homeless, but his "primary mailing address" "[h]a[d] always been at 703 Drexel Street in Nashville, TN 37203";[1] and that his "secondary" mailing address was his brother's apartment on Cedar Lake Road in Biloxi, Mississippi. (Doc. No. 46, PageID# 167–68.)

Burnett returned completed service packets for SHP, Nicole, and Matthews providing SHP's corporate address in Chattanooga, Tennessee, and providing the Williamson County Jail address for Nicole and Matthews. (Doc. No. 48.) Burnett identified his return address as the DCSO P.O. box and also provided his brother's address in Biloxi as an "alternative" mailing address. (*Id.* at PageID# 173–78.) The Clerk of Court issued summonses to SHP, Nicole, and Matthews on July 26, 2024. (Doc. No. 48.)

At the Court's direction (Doc. No. 44), the United States Marshals Service attempted to serve the defendants on Burnett's behalf. The Marshals Service returned the summons for SHP executed, stating that it accomplished in-person service on SHP on October 2, 2024, at SHP's office in Chattanooga. (Doc. No. 53.) It returned the summonses for Nicole and Matthews unexecuted with a notation that these defendants no longer work at the Williamson County Jail. (Doc. No. 50, 51.) Nevertheless, SHP, Nicole, and Matthews appeared and answered Burnett's

---

[1] The Court takes judicial notice that 705 Drexel Street, Nashville, TN 37203 is the address of Room in the Inn, an organization that provides individuals experiencing homelessness with various support services including "mail service for those in need of a reliable mailing address." Room in the Inn, *Support Services*, https://www.roomintheinn.org/support-services [https://perma.cc/66C6-ZQRD] (last visited Sep. 4, 2025); *see Thomas v. Haslam*, 303 F. Supp. 3d 585, 625 (M.D. Tenn. 2018) (finding that courts may "take judicial notice of 'public records and government documents available from reliable sources on the Internet'" (quoting *U.S. ex rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003))).

second amended complaint on October 22, 2024. (Doc. No. 54.) The Court entered a scheduling order setting case management deadlines (Doc. No. 55) and entered a trial order setting the case for a jury trial on February 24, 2026 (Doc. No. 56). Copies of the Court's scheduling order and trial order mailed to Burnett at his brother's address in Biloxi were returned as undeliverable. (Doc. Nos. 57, 58.)

On April 30, 2025, SHP, Nicole, and Matthews filed a motion for summary judgment under Federal Rule of Civil Procedure 56. (Doc. No. 59.) The defendants certified that they served a copy of their motion and supporting memorandum of law on Burnett by mail at Burnett's brother's address in Biloxi. (Doc. Nos. 59, 59-1.)

On June 11, 2025, the Court found that Burnett had not filed a response in opposition to the defendants' motion for summary judgment within the time frame provided by the scheduling order. (Doc. No. 60.) The Court also found that it "appear[ed] that Burnett ha[d] again failed to keep the Court and the defendants apprised of his current mailing address . . . ." (*Id.* at PageID# 228.) The Court ordered Burnett to show cause by June 25, 2025, why the Magistrate Judge should not recommend that the Court dismiss this action under Federal Rule 41(b) and Local Rule 41.01 for Burnett's failure to prosecute his claims and failure to keep the Court informed of his current mailing address and why the Court should instead allow Burnett to file an untimely response in opposition to the defendants' summary judgment motion. (Doc. No. 60.) The Court ordered Burnett to file any proposed response in opposition to the defendants' motion for summary judgment with his response to the show-cause order. (*Id.*) The Court warned Burnett that failure to comply with the show-cause order "and continued failure to keep the Court informed of his current mailing address w[ould] likely result in a recommendation that this action be dismissed." (*Id.* at PageID# 230.)

The docket reflects that Burnett has not responded to the Court's show-cause order or the defendants' summary judgment motion, has not provided a current mailing address, and has not taken any other action to move this case forward.

## II. Legal Standard

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "substantial discretion" regarding decisions to dismiss for failure to prosecute. *Id.*

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980));

*see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)).

This Court's Local Rules provide that a pro se party "must keep the Court and opposing parties apprised of the *pro se* party's current address and other contact information," and explain that a pro se party's failure "to timely notify the Court and opposing parties of any change in address may result in dismissal of the action with or without prejudice." M.D. Tenn. R. 41.01(b) (dismissal for failure of *pro se* plaintiff to keep court apprised of current address). The Local Rules further provide that "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party may be summarily dismissed . . . without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." M.D. Tenn. R. 41.01(a) (dismissal for unreasonable delay). Where, as here, noncompliance with local rules is a ground for dismissal, "the behavior of the noncomplying party [must] rise[ ] to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick & GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

### III. Analysis

Dismissal of this action is appropriate under Rule 41(b) because the four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of delay by Burnett.

### A. Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "'display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591). Burnett initiated this action in December 2021 and diligently pursued his claims until July 2023. (Doc. Nos. 1, 2, 6–8, 10, 12, 14, 15, 21–23, 25, 27, 29–31, 33.) When Burnett's appointed counsel moved to withdraw in late 2023 because of a conflict of interest, counsel stated that Burnett lacked a permanent mailing address and that they had been unable to reach him by phone. (Doc. No. 38.) Burnett reengaged with this litigation in February 2024 and pursued his claims until July 2024. (Doc. Nos. 40–43, 45, 46, 48, 48-1.) There is no indication that bad faith motivated Burnett's subsequent failure to keep the Cour apprised of his mailing address, failure to respond to the defendants' motion for summary judgment, and failure to respond to the Court's show-cause order. But Burnett's failure to comply with the Court's orders nonetheless reflects "willfulness and fault" for purposes of Rule 41(b). *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see id.* (explaining that "[a] party's failure to respond in the face of a warning by the court that such failure could result in dismissal of a complaint tips the scale in favor of dismissal on the first factor"). The record suggests that Burnett is experiencing homelessness; however, his "transient living situation does not absolve him of his responsibility in the action he initiated." *Fathera v. Rudd Med. Servs.*, Case No. 3:23-cv-00176, 2023 WL 7178010, at *3 (M.D. Tenn. Oct. 12, 2023), *report and recommendation adopted*, 2023 WL 7170647 (M.D. Tenn. Oct. 31, 2023); *see also Quince v. Claflin*, Case No. 2:23-cv-00062, 2025 WL 781088, at *4 (M.D. Tenn. Mar. 11, 2025) (collecting authority), *report and recommendation adopted*, 2025 WL 942387 (M.D. Tenn. Mar. 27, 2025). The first factor therefore weighs in favor of dismissal.

### B. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, Civ. No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds even minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

SHP, Nicole, and Matthews answered Burnett's second amended complaint (Doc. No. 54) and filed a motion for summary judgment (Doc. No. 59). These steps are typical of early stages of litigation and were not necessitated by Burnett's delay. *See Schafer*, 529 F.3d at 739. This factor weighs against dismissal.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at

9

615). The Court warned Burnett that failure to keep the Court apprised of his current contact information and failure to respond to the Court's show-cause order and the defendants' summary judgment motion would like result in dismissal of his claims. (Doc. Nos. 39, 60.) This factor weighs in favor of dismissal. *See Schafer*, 529 F.3d at 740; *see also Fathera*, 2023 WL 7178010, at *4 (finding prior notice factor weighed in favor of dismissal where plaintiff was warned that "failure to keep the Court informed of his current mailing address could lead to the dismissal of his case" and "that failure to respond to [show-cause order] would likely lead to a recommendation that his claims be dismissed for failure to prosecute").

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here even though SHP, Nicole, and Matthews have filed a motion for summary judgment. *See Hudson v. City of Memphis*, Case No. 3:23-cv-00591, 2025 WL 1116543, at *4 (M.D. Tenn. Apr. 15, 2025) (recommending dismissing action without prejudice for plaintiff's failure to prosecute and finding defendants' summary judgment motion moot); *Shrum v. Tilley*, Case No. 3:22-cv-00669, 2024 WL 3533325, at *7, *9 (M.D. Tenn. June 14, 2024) (same), *report and recommendation adopted*, 2024 WL 3532241 (M.D. Tenn. July 24, 2024). Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits . . . ." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "'more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal'" (quoting *Harmon*, 110 F.3d at 367)).

## IV. Recommendation

Considering the above four factors, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 41(b) and that SHP, Nicole, and Matthews's motion for summary judgment (Doc. No. 59) be FOUND MOOT.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

The Clerk of Court is DIRECTED to mail a copy of this Report and Recommendation to Burnett c/o Room in the Inn, 705 Drexel Street, Nashville, TN 37203, in addition to mailing a copy to Burnett's current address of record.

Entered this 8th day of September, 2025.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge